Could we hear now from the parties in Burton v. Undercover Officer? Good morning. Good morning. Mr. Burton. Hi. My name is Ewart Burton. I am employed by Sherwin Taffin Marketing Consultant, Inc., DBA Temptation Tavern, 2210 Church Avenue, Brooklyn. On March 5, 2011, I was arrested in that establishment for obstructing government agent, sales of alcohol, two other charges. These officers submit alphadavits. These two officers submit two alphadavits to the Supreme Court in 2011 for injunction to get the establishment closed. The judge, Honorable Velasco, find these two alphadavits was no good when they testified. Whatever they testified about was not matched up with their alphadavits. Their alphadavits was totally different from their testimony. And he dismissed the case and dismissed those two alphadavits. The City of New York, the Law Department, took those two alphadavits, submit them to Judge Coleman, for Judge Coleman to dismiss my case. And if Judge Coleman did know that those alphadavits were dismissed in the Supreme Court, he would not have made his decision the way he made his decision. Although those two alphadavits was, he made the decision that the two alphadavits, that case was pending. It did not went to trial until 2013, where Judge Green dismissed the case. So from 2013, I have all rights to file another lawsuit to defend myself. In this case, I have a document here for alphadavits of service that did not signed by Deborah A. Alphadavits of service, they did not signed it. So I'm asking you today, Judge, to please let this case go to trial. This way, I could have my rights to defend myself in court. Thank you. Anything else? I'm sorry, I didn't mean to interrupt you. No, not really. I think I'm running out of time. Well, you do have a few minutes, and then we can hear from you in rebuttal. We'll hear from the government now, okay? Okay, thank you. Thank you. Good morning, Your Honors. May it please the Court, Susan Paulson on behalf of the Apolis. Your Honors, Mr. Burton already sought damages for the alleged false arrests on March 5th, 2011. And in the prior action, Judge Corman found that there was probable cause for that arrest. And because the identical issue was raised in a previous proceeding- Was there probable cause for malicious prosecution? He found there was probable cause for the arrest and found that it was a- Premature for malicious prosecution because there hadn't yet been a favorable outcome. Then after a favorable outcome, Mr. Burton comes back and sues for malicious prosecution. So what I want to know is, was there a finding of probable cause with respect to each of the malicious prosecution claims that Mr. Burton makes? No, the finding of probable cause was specifically for the false arrest claim. With two of the charges, and there were a total of five. That's correct. I think our concern is on malicious prosecution, probable cause is a defense, but it has to be to each charge. And I'm not sure we have a finding by anyone on that, on three of the five charges. Am I right? That's correct. The probable cause was- How does that charge get dismissed at this point? Your Honor, the charge could also be dismissed. We didn't raise this argument on appeal. Below, we argued that dismissal was proper both because of collateral estoppel and then the false arrest was also dismissible for statute of limitation grounds. And then we argued that the malicious prosecution and malicious abuse of process claims were dismissible because of the insufficiency of the pleading. If that is so, one would have granted leave to amend, wouldn't one? Unless it was manifestly futile. That is, all these may be there, but where is there anything that we can say that that is so? Your Honor, Judge Kuntz did not reach that argument that the pleadings were facially insufficient for a malicious prosecution claim. So there was no occasion for- No, there was error. And if there was error, shouldn't we send it back and have these things tried? Your Honor, ultimately, the probable cause- Well, there was probable cause for two of the counts for the arrest. And so that should dismiss, at the very least, the false arrest claim. As to the malicious prosecution claim, I don't- It still is inadequately pled, so I don't believe there's a basis to send it back. We decided that- I mean, Judge Kuntz didn't reach that issue, right? Correct. You're saying we could say that the complaint on its face is insufficiently pled. Yes, Your Honor. But, of course, if we were sitting in the position of the district court and decided that, we would then have to decide whether it was appropriate to offer leave to amend to provide greater specificity, right? Yes, Your Honor. So, in other words, in effect, don't we have to do that as a court of appeals to send it back to Judge Kuntz and say, first, maybe he should address, rather than our addressing, whether it is insufficiently pled, but even if it is, that he should decide whether to grant leave to amend. Well, I think that this court- the record, in fact, is somewhat voluminous here, due to the materials that were appended to the motion to dismiss and the opposition there, too, that Mr. Burton submitted. And on the basis of all of the materials in the record, I think it's abundantly clear that there was no malice and leave to amend would be futile, given all the records of the prior proceedings in this case. Do you want us to parse through all of that, what you call voluminous record on appeal, in the first instance, without the guidance of a briefing that directs us through that material, and with a pro se plaintiff on the other side who is not in a very good position to make those arguments on appeal? It just seems like this calls for the district court to deal with. Yes, Your Honor. It probably would be the better course for the district court to address it in the first instance. So, Your Honors, the false arrest claim is barred by the statute of limitations quite plainly. That does not apply to the- False arrest claim. The false arrest claim was covered by the probable cause. Yes, and was covered by the probable cause for both of those. We're not talking about the false arrest claim. Thank you. We're talking about malicious prosecution. Okay. And the malicious prosecution and malicious abuse process are not covered by that. I would argue that they're insufficiently pled and that the record supports that. Thank you, Your Honor. Mr. Burton, if you have anything more you'd like to say, we'd be pleased to hear from you. Thank you. Like I said before, if it wasn't for these false affidavits that was dismissed by the Supreme Court judge, Honorable Velasco will find these affidavits was no good and the city take it upon themselves and send it to the district court. And Honorable Judge Coleman made a decision that these, the arrests for that date, March 5th, 2011, was pending. It went to trial and Judge Green in the criminal court, December 4th, 2013, dismissed all charges. All right. So I was falsely arrested. And all I want is my day in court. You understand that on false arrest, the question is not whether you were ultimately not convicted, but whether or not there was probable cause to support the arrest. That was Judge Coleman's finding. Do you understand that? Yes, I do. Okay, good. I have another question. I don't mean to suggest that it is appropriate, but if we were to find that it was appropriate for you to have counsel, would you want counsel appointed or would you prefer to be representing yourself? I would love to have a counsel because I do not know the law. I'm not saying it is appropriate, but I just wanted your view on that. Yes, I would love to have a counsel. All right, thank you very much. And also, I would point out that the service, no one signed the- You made that point, I heard you when you said that. Okay, thank you very much. Thank you very much. Thank you. We're going to take the matter under advisement further. Thank you.